Tansey v. Anthem Health Plan, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                    **Circuit Judges,**
         GEOFFREY W. CRAWFORD,[*]
                    **District Judge.**

- - - - - - - - - - - - - - - - - - - -X
NEIL TANSEY and CATHERINE TANSEY,
         **Plaintiffs-Appellants,**

         -v.-                                    14-3931

ANTHEM HEALTH PLANS, INC. d/b/a ANTHEM
BLUE CROSS AND BLUE SHIELD and ANTHEM
UM SERVICES, INC.,
         **Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

**FOR APPELLANTS:**          PHILIP E. MURRAY, JR., Murray, Kelly & Bertrand, P.C., Woburn, Massachusetts.

**FOR APPELLEES:**          MICHAEL G. DURHAM, MATTHEW H. GEELAN, Donahue, Durham & Noonan, P.C., Guilford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiffs Catherine Tansey and her father appeal from the judgment of the United States District Court for the District of Connecticut (Covello, J.), granting judgment on the administrative record in favor of Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield, and Anthem UM Services, Inc. (collectively, "Anthem"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. We review the district court's grant of judgment on the administrative record de novo and apply the same standard as the district court. Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009). Anthem denied health care benefits, under an ERISA[1] benefit plan, for Ms. Tansey's residential treatment in a substance abuse facility. The denial must be upheld unless it was arbitrary and capricious--that is, unless it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995) (internal quotation marks and citation omitted). "Substantial evidence . . . is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decisionmaker and requires more than a scintilla but less than a preponderance." Miller v. United Welfare Fund, 72 F.3d 1066, 1072 (2d Cir. 1995) (internal quotation marks, alterations, and citation omitted).

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132.

2.  Ms. Tansey was covered under the group health benefit plan issued to her father's employer.  She was eligible for benefits for covered services only for "Medically Necessary Care," defined as "health care services . . . that are," <u>inter alia</u>, "[c]linically appropriate, in terms of type, frequency, extent, site and duration and considered effective for the patient's illness, injury or disease; and . . . not more costly than an alternative service or sequence of services at least as likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of that patient's illness, injury or disease."  Benefits for "confinement in a Residential Treatment Facility" in connection with mental health and substance abuse services are provided only when "the insured has a Medically Necessary, serious mental or nervous condition that . . . cannot appropriately, safely or effectively be treated in an acute care, partial hospitalization, intensive outpatient or outpatient setting."

3.  Anthem denied the claim on the grounds that it was not medically necessary.  This determination is not irrational or legally erroneous, and is supported by substantial evidence from which Anthem could have determined that residential treatment was not clinically appropriate, and/or that recovery could have occurred as effectively and safely at a lower level of care (including partial hospitalization or intensive outpatient treatment).

A.  Prior to Ms. Tansey's admission to Fulshear Ranch Academy ("Fulshear"), the only treatment she had attempted in her home environment had included 10 psychotherapy sessions and an 8-day afterschool program in April or May of 2009, which she described as being "about 'normal teenage stuff.'"  Immediately prior to her admission to Fulshear, Ms. Tansey had participated in a 2-month wilderness program. She had never received partial hospitalization or intensive outpatient treatment in her home environment.

B.  The therapist at the wilderness program stated that Ms. Tansey had "addressed all of her various treatment goals."  At discharge, her mood was "fairly stable."  A psychological evaluation conducted during the program indicated that symptoms of depression and anxiety were not sufficient in number or intensity to amount to Major

3

Depressive or Anxiety Disorder.  Nor did Ms. Tansey meet the full criteria for either anorexia or bulimia.

The Fulshear admission application indicated that Ms. Tansey had not used drugs or alcohol since the start of the wilderness program.  An initial assessment conducted upon admission indicated that she reported no significant medical or mental health issues.  Ms. Tansey scored a "high probability" of substance abuse disorder, although the assessment noted it "likely that she could have 'embellished' on some of the scores . . . in order to make sure she is seen as having an alcohol/drug problem."

C.   Four physicians opined that residential rehabilitation treatment was not medically necessary--including one outside consultant and one consultant retained by an independent, impartial review organization, with no connection to Anthem.  Plaintiffs object to the opinions as unreasoned or irrational.  They contend that the initial review and second-level appeal physicians' opinions relied on "erroneous facts" because, inter alia, they referenced marijuana as Ms. Tansey's drug-of-choice, and noted that she reported bulimic symptoms three years prior but not at that time.  There is record support for the facts referenced in the physicians' opinions.  Even if (as plaintiffs argue) the physicians who provided the initial review and first-level appeal opinions incorrectly considered medical necessity pursuant to Anthem's 2010 Adult Substance Abuse Subacute/RTC Rehabilitation criteria, those who performed the second-level and external reviews indisputably were provided with and applied the four criteria that Plaintiffs argue might apply.  The treating therapists and physicians offered contrary opinions, but in an ERISA benefits dispute, no "special weight" is given to the opinions of treating sources.  Hobson, 574 F.3d at 90 ("[A plan administrator] is not required to accord the opinions of a claimant's treating physicians 'special weight,' especially in light of contrary independent physician reports." (quoting Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003))).

For the foregoing reasons, and finding no merit in the Tanseys' other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK